FRANKLIN.

MORRIS
v.
McCLAIN.

---

IN WALTON SUPERIOR COURT.

CARMICHAEL *vs.* PENDLETON and A. B. HOLT, Attorney.

### *Illegality.*

THE legal points arising in this case have been brought up on affidavit of illegality, founded on the following facts. Holt, an attorney, commenced a suit in favor of Pendleton *v.* Carmichael in the Inferior Court, Pendleton at that time residing out of the county of Walton. On the trial Pendleton recovered a verdict from which Carmichael entered an appeal to the Superior Court. Pending the appeal Carmichael filed a Bill in Equity, for discovery in aid of his defence at law. Before any proceedings were further had, Pendleton dismissed his suit, and the Bill of course was at an end. And the present *fi. fa.* was issued against Pendleton and Holt his attorney, for all the costs accruing in the common law case, and also the costs of the Bill filed in aid of defendant's plea at law. Holt the attorney now alleges that he is not liable.

An attorney who institutes a suit for a client living out of the state or out of the county where the defendant resides, is liable for all costs, in the event of the suits being dismissed or his client cast. Or if he recover and judgment be entered up and execution issue, and there is a return thereon of no property, he is still liable for the costs.

1st. Because, the suit commenced by him for Pendleton in the Inferior Court, was on sundry items in an account, on which suit had been brought before in the Superior Court and which were stricken out on that trial, and that Pendleton then lived in Walton county, and the second suit in the Inferior Court must be considered only as a continuation of the

WALTON.

CARMICHAEL
*v.*
PENDLETON,
and Another.

first, or a renewal of it as authorized by our statute and therefore he was not liable under the law for the costs.

2d. That if liable at all, his liability extends only to the officers' costs, and not to the costs of witnesses' fees.

3d. That he is not liable for the costs paid by Carmichael on entering the appeal, or for the costs of filing the bill in aid of his defence at law.

*By the Court.* The liability of A. B. Holt, one of the defendants in the above *fi. fa.* arises entirely from the statute of this State on that subject, and the extent of that liability must therefore be determined by a proper construction of that statute. (Prince's Dig. 225.)

If we look to the letter of the statute it will be seen that its terms are broad enough to include any costs whatever. The statute declares that when any attorney shall institute, &c. in behalf of any person or persons, residing out of the state or county, &c. such attorney shall be liable to pay *all costs, &c.* and that it shall be lawful for the clerk to issue execution against said attorney for the amount of the costs of said suit. It would seem also that the evil intended to be remedied by this statute, would require that the attorney should be rendered liable for *all* costs. The evil was, that frequently suits were instituted for and in behalf of persons residing out of the State, or in remote counties, against defendants, who would be compelled to expend considerable sums in *costs* in defending such suits; and when they were prepared for trial, the plaintiffs either neglected their causes and were non-suited, or cast on the trial. If it happened that plaintiffs lived out of the State, the judgment for the costs bound not their property, and the officers of court must, with the defendant, lose their costs or sue on the judgment in the State where plaintiffs lived. And frequently the officers and defendants might not know where the plaintiff lived, and if they did, it was not proper that they should be subjected to the inconvenience of pursuing the plaintiff out of the State, or even in remote counties, to collect his costs. It was such an inconvenience the statute intended to obviate by making the attorney liable. He took the fee, and commenced the suit of his own free will, and takes upon himself voluntarily the risk of the costs and the punctuality of his client. And it is certainly better that he should lose it than the officers who have no discretion in the performance of their duties. The attorney in such cases must be held liable for all the costs his client would be liable for. And his client here would be liable for the costs paid by Carmichael to enter the appeal, and also for the Bill which he was compelled to file in aid of his defence at law. As to the witnesses' costs the attorney is as liable as his client would be.

The other ground taken by the attorney, that the items on which the suit was brought in the Inferior Court, were those

which had been sued on before in the Superior Court with other items, but were stricken out, cannot avail him. If his client had removed from the county of Walton before he commenced the second suit, he should have required security for costs. This second suit comes within the letter of the statute, and certainly within the inconvenience intended to be remedied.

WALTON.

CARMICHAEL
*v.*
PENDLETON
and Another.

The illegality must be dismissed, and the *fi. fa.* proceed.